# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **ALCERO THIMOTEE** | * | **CIVIL ACTION NO. 06-1200** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Alcero Thimotee ("Thimotee") on July 14, 2006. The Government has filed a response to Thimotee's petition (Doc. #11) and Thimotee filed a supplemental response (Doc. #12). For reasons stated below, it is recommended that Thimotee's petition be **DISMISSED WITHOUT PREJUDICE** and the Government be **ORDERED** to provide the Court with monthly reports on the status of Thimotee's removal.

## BACKGROUND

Thimotee, a native and citizen of Haiti, first entered the United States at Miami International Airport on June 4, 2003. During an inspection by United States Customs, Thimotee was discovered to be in possession of 4.43 pounds of cocaine. An immigration detainer was lodged with the United States Marshals Service for the Southern District of Florida.

On June 4, 2003, Thimotee was served with an immigration document charging him with removal from the United States. Since Thimotee applied for admission to the United States as a visitor for pleasure and during his inspection was discovered to be in possession of cocaine, he was charged with being inadmissible pursuant to Section 212(a)(2)(c)[1] of the Immigration and

---

[1] Section 212(a)(2)(C) provides that "[a]ny alien who the consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any such controlled substance or is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance, is inadmissible."

Nationality Act [8 U.S.C. §1182(a)(2)(C)].

On November 28, 2003, Thimotee was convicted for having imported five hundred grams or more of cocaine into the United States. Thimotee was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 30 months.

On October 3, 2005, in removal proceedings, Thimotee admitted all of the facts alleged by the United States Bureau of Immigration and Customs Enforcement ("ICE") and conceded that he was subject to removal from the United States. On October 28, 2005, Thimotee was ordered removed to Haiti.

In his petition, Thimotee's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Thimotee, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government

must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Thimotee has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Other than the argument that he has not yet been removed, Thimotee has failed to provide this Court with any evidence that his removal is unlikely in the foreseeable future.

The record shows that the Government did not request a travel document for Thimotee from the Embassy of the Republic of Haiti until June 6, 2006. Based on the length of time that it took the Government to request a travel document and the length of time that has elapsed since that request, with no indication that the Government has attempted to follow up on the status of the travel document, the undersigned recommends that the Government be ordered to supply monthly updates to the Court regarding Thimotee's removal process.

For the above stated reasons, **IT IS RECOMMENDED** that Thimotee's petition be **DISMISSED WITHOUT PREJUDICE** and the Government be **ORDERED** to provide the Court with monthly updates on the progress of Thimotee's removal proceedings. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE